19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie L. WILLIAMS, Plaintiff-Appellant,
Dock Battles, Plaintiff,
v.
A.C. GILLESS; Claud Baker; Robert Harper, Defendants-Appellees.
 No. 93-5844.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1994.
 
 Before: JONES and BOGGS, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Eddie L. Williams, a pro se Tennessee state prisoner, appeals a district court judgment in favor of the defendants after a jury trial in this civil rights case. 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams was one of four inmates of the Shelby County Jail who filed suit alleging that the conditions of confinement in the jail violated their constitutional rights. More specifically, the plaintiffs complained of overcrowding, inadequate medical care, inadequate access to courts, inadequate ventilation, poor quality of food and food service and inadequate cleaning supplies. The issues were narrowed and the parties reduced. When the case went to trial by jury, the plaintiffs were inmates Dock Battles and Eddie Williams. The defendants were Sheriff A.C. Gilless, Robert Harper and Claud Baker. The issues litigated at trial were whether unsanitary conditions at the jail caused Williams to suffer from a toenail fungus condition and whether jail officials violated the Eighth Amendment by allowing unsanitary conditions, inadequate ventilation, and inadequate food and food service.
 
 
 3
 The jury returned a verdict for the defendants on May 13, 1993. From that judgment, Eddie L. Williams appealed.
 
 
 4
 On appeal, Williams argues that the district court denied him due process of law. More specifically, Williams argues that the court erred when it refused to allow him to discover evidence that would be entered at trial; that the court erred by refusing to consolidate this case with another case; and that the court erred by not appointing counsel to represent him.
 
 
 5
 Upon review, we find no merit to Williams's appellate arguments. Williams's first argument is that the district court wrongfully denied him the opportunity to discover evidence that would be entered at trial. The district court has wide discretion to apply the appropriate rules for discovery based on the facts of each case. See United States v. Balistrieri, 606 F.2d 216, 221 (7th Cir.1979), cert. denied, 446 U.S. 917 (1980). Based upon the facts of this case, it is clear that the district court did not abuse its discretion.
 
 
 6
 Next, Williams argues that the district court erred by not granting the motion to consolidate. Fed.R.Civ.P. 42(a) affords the district court discretion concerning the purposes and scope of consolidation. The underlying objective is to administer the court's business "with expedition and economy while providing justice to the parties." 9 Wright & Miller, Federal Practice and Procedure, Sec. 2381 (1971).
 
 
 7
 Williams misunderstands the procedural posture of this case. His initial complaint was always consolidated with Battles's initial complaint. The district court denied Battles's request to consolidate an additional case with the present case. Therefore, no abuse of discretion occurred here.
 
 
 8
 Finally, Williams asserts that the district court denied him due process of law because it failed to appoint counsel to represent him. The record clearly reveals that Williams was represented by retained counsel of his own choosing. Williams cites to no authority for the proposition that he is constitutionally entitled to a court-appointed attorney in addition to retained counsel, or that he is entitled to have the court appoint counsel in retained counsel's stead.
 
 
 9
 Accordingly, the district court judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.